ANDREW J. SHORT, Appellant, *vs.* McREA & REGISTER, Respondents.

APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

A variance is only deemed material when it shall have actually misled a party to his prejudice, in maintaining his action or defence upon the merits.    It is not sufficient for a party merely to allege that he has been so misled.    It must be proved to the satisfaction of the Court, and even then the Court may order the pleading amended on terms.

That which is merely technical, and may be remedied on the trial in the discretion of the Court, ought not, as a general rule, to be regarded after verdict.

Under an allegation for work and labor done, etc., it was proved that Defendant directed Plaintiff to perform the labor "until his partner returned, and if the arrangement was not satisfactory to him, he might change it to suit himself." There being no proof that the partner varied the contract, *Held,* that the evidence sustained the allegation.

This was an action for work and labor done, etc., under contract with a copartnership.    The evidence disclosed that the Plaintiff was requested to do the work by one of the Defendants, " and they would pay me what was right for picking up and rafting, and when Sam. (the other partner) came up he could suit himself about it, and if, when he came up he was not satisfied about it, he could make different arrangements to suit himself."    It does not appear that the orders thus given were countermanded by either party.    Verdict for Plaintiff,

and new trial granted on the ground of variance between the contract alleged in the pleadings, and that proved by the Plaintiff.

Plaintiff appeals.

Points and authorities of Appellant.

*First.*—That *variance* between the pleading and the proof is not cause for a new trial. *Statutes of Minnesota, page,* 564, *Sec.* 59.

*Second.*—That the objection of *variance* cannot be taken on a motion for a new trial. *Statutes of Minnesota, page* 543, *Secs.* 90 *and* 91, *page* 564, *Sec.* 59.

*Third.*—That there was no *variance* between the allegations in the complaint and the proof by the Plaintiff.

*Fourth.*—That the *variance* between the allegations in the complaint and the proof by the Plaintiff, if any, was immaterial and did not affect the substantial rights of the Defendants. *Statutes of Minnesota, page* 564, *Sec.* 59 ; *Cobb vs. West,* 4 *Duer* (*N. Y.*) 38; *Catheal vs. Talmadge,* 1 *E. D. Smith* (*N. Y.*) 573.

*Fifth.*—That the variance between the allegations in the complaint and the proof by the Plaintiff, if any, was not such as to mislead and did not mislead the Defendants to their prejudice in maintaining their defence on the merits. *Bonsteel vs. Vanderbilt,* 21 *Barb.* (*N. Y.*) 26; *Barlick vs. Austin,* 21 *Barb.* (*N. Y.*) 241 ; *Hallock vs. Insurance Co.,* 2 *Dutch* (*N. J.*) 268.

Points and authorities of the Respondent.

The contract as proven by the Plaintiff is not the contract charged in the complaint.

*First.*—The contract alleged in the complaint is, " that the Defendants would pay the Plaintiff for picking up *Defendants' logs,*" and the proof is, that Defendants " would pay for the picking up and rafting the logs they *got of Plaintiff.*"

*Second.*—The complaint charges an entire contract, a contract without any condition or restriction ; the proof shows a contract to be " that McRea said I could take their logs in with the others and they would pay me, etc., and when *Sam*

come up he could suit himself about it, if he was not satisfied with it; he could make different arrangements with me."

The fact of *Sam's coming from below*, was a part of the contract—they *agreed* that *Sam* might make a *different arrangement*.

It was a promise by McRea to pay Short, and that Short might pick up, etc., *reserving the right* in *Sam* to terminate—and if this reserved right was a part of the contract, then is the contract a conditional one, and different from the one charged in the complaint—*leaving the complaint unproven*.

There is no express agreement in proof, on the part of Short, to give Defendants any logs in exchange.

In declaring on an executory contract, the Plaintiff must prove his contract as laid.   19 *Wen.* 534, 542.

The proof does not show any contract, but is a simple license to take the logs until Sam comes up.

*Suppose*—upon this contract as proven by Short (in reference to Sam's coming up), could the Defendants have sustained an action to recover damages, if after Sam *comes up, he notifies Short* and *disapproves* of the *arrangement*. Clearly not. There is no mutuality—and it is an entire different contract from that alleged.

It cannot be said that the variance is *immaterial*—because if the right to *disapprove was reserved to Register*, then could he alone do so and *terminate the Plaintiff's right*.   Under the contract as alleged, it could only be *done* by *both parties*.

This is not a question of variance simply—*but it is a failure of proof*.

There was no application to amend the complaint.

The court erred in sustaining the objection to the following question:

" Upon Register's return from below, did you state to him the fact of having had this conversation with Plaintiff?"

*See the evidence of McRea.*

The Defendants were entitled to this if the agreement was as Short has testified.

It appears from the evidence of Plaintiff, that the Plaintiff had of Defendants' logs, an excess of 42,353 feet, for which no allowance is made.

It appears that great injustice has been done the Defendants in rendering the verdict—that the evidence is wholly insufficient to justify the verdict—that the verdict is against evidence and against the law.

A motion for a new trial on the Judge's minutes is, very much on the *discretion of the judge hearing it*, and *Appellate Courts* are not willing to interfere or *disturb* the order, in the absence of prejudice, notice, etc.—

For all which, and the errors of law occurring at the trial, a new trial was properly awarded, and the order appealed from should be affirmed.

W. H. BURT, Counsel for Appellant.

J. VANDENBERG, Counsel for Respondent.

*By the Court.*—EMMETT, C. J.   It appears that during the years 1857 and 1858 the Plaintiff was engaged in picking up and rafting pine logs then lying in Lake St. Croix, and upon its shores, under a written contract with certain of the owners of said logs, and that the Defendants, though not parties to said written contract, also had logs in the same condition, intermingled with the logs belonging to those for whom the Plaintiff was collecting and rafting.

The complaint alleges in substance the following contract with the Defendants, to wit: That in or about the month of June, 1857, the Defendants being partners, and as such the owners of logs in said lake, agreed with the Plaintiff that if he would collect and raft their logs in connection with the others he was then collecting, they would pay him therefor what it was reasonably worth, and would in lieu of the particular logs belonging to them, take their complement out of the general mass collected.   This alleged contract the Defendants deny, and they allege by way of defence that when the Plaintiff solicited the employment of collecting and rafting their logs, they expressly notified him not to meddle with them unless he was willing to pay to them the sum of eight dollars per thousand feet for all the logs he should collect belonging to them.   That under this authority alone he proceeded and

collected and appropriated a large number of their logs, for which they claim to hold him liable—and they demand a judgment against him for the balance due them at this rate, after crediting him with the logs which they received from him, out of the general mass collected, at prices ranging from $3.50 to $6 per thousand feet.

Upon the trial the jury found a verdict for the Plaintiff. The Defendants moved for, and the judge ordered a new trial on the ground of a variance between the contract alleged in the pleadings and that proved on the trial. From this order the Plaintiff appealed, and the question for consideration here, is whether, under our practice, the alleged variance affords sufficient grounds for granting a new trial.

The verdict for the Plaintiff is equivalent to finding that the contract is as alleged in the complaint. The evidence in support of this finding, and which the jury must have found to be true, was the testimony of the Plaintiff himself. His statement is as follows :

" The logs I was picking up in 1857 and 1858, were picked up for most of the log owners on the lake. In the spring of 1857 I made an agreement with one of the Defendants to pick up their logs. It was sometime in the month of May or June, 1857. I know it was about or after steamboats had come. It might have been early in May or June. It was down here on the lake in Stillwater—in this town. The agreement was made with McRea. I asked him to sign the contract I had for gathering the logs on the lake. He said Mr. Register was down the river and he did not want to do anything that would interrupt, or do anything that would meddle with Mr. Register's business in the logging arrangements, as Mr. Register had the down river business, selling, etc. I think I told him I could not get along without taking their logs—that it would be a great expense to separate them—to take theirs out of the whole mass of logs—and he said I could take theirs in with the others, and they would take logs in exchange, and pay me what was right for picking up and rafting, and when Sam. (Register) came up he could suit himself about it, and if when he came, he was not satisfied about it, he could make different arrangements to suit himself."

On cross examination the Plaintiff said:

"I told him I was picking up, and it was a great deal of trouble to pick up some and leave others, and he said he did not want to be a stick in the way, and that I might go on and pick up and raft, etc. When Sam got back, if he was not satisfied with it, he could fix it to suit himself."

"He did not tell me 'That I could take their logs or not just as I chose, but I must take the chance of Sam's being satisfied when he got home.' He said I could take the logs and he would risk it until Sam got back."

This is all the testimony tending to establish the contract alleged in the complaint, and the Defendants insist that the contract here shown is not the contract alleged, because of the right reserved to Register to make different arrangements on his return.

A variance under our Statute is only deemed material when it shall actually have misled a party to his prejudice in maintaining his action or defence upon the merits. It is not sufficient for a party to allege merely that he has been so misled. it must be proved to the satisfaction of the court; and even then the court may order the pleading to be amended, on such terms as may be just. *R. S.* 340, *Sec.* 86. We perceive therefore that it is the policy of the law to relieve against variances, even where the party may have actually been misled to his prejudice.

We cannot see, however, that the alleged variance in this case misled the Defendants to their prejudice. The contract proved is in legal effect precisely like the one alleged, with the addition that it might be changed, or terminated by Register on his return. But this provision could make no difference so long as the contract remained unchanged, which we believe was during the whole time the labor was being performed. It is not pretended by the answer that Register put an end to the contract, or modified it in any respect. On the contrary the entire contract is denied.

The Defendants do not appear to have offered any proof whatever to show that they were prejudiced in maintaining their defence. They did not even raise the objection until after they had submitted the case to the jury, and a verdict

had been rendered against them.     Had the objection been well taken, and urged in time, it might have been remedied without affecting the merits of the controversy.     That which is merely technical and may be remedied on the trial in the discretion of the court ought not, as a general rule to be regarded after verdict.     Courts will not encourage a party to lie by until it is too late to afford the remedy by amendment contemplated by the Statute.

This action, in respect to the contract under consideration, is simply to recover for the work and labor done and performed by the Plaintiff at the request of the Defendants.     The proof is that one of the Defendants directed the Plaintiff to go on and perform the labor until his partner returned, and then if the arrangement was not satisfactory to the partner, he might fix it to suit himself.     We are unable to perceive any difference in principle or legal effect, between the allegation and the proofs.     If A direct B to work for him until further advised, it will hardly be maintained that B cannot recover for the value of such labor as he may have performed, before A notifies him to desist. Yet the claim of the Defendants involves a direct denial of this proposition.

We should also bear in mind that a variance between the pleadings and proofs is not among the enumerated cases for which a new trial may be granted. *R. S. 359, Sec. 59.* Every such objection may be relieved against without driving the parties out of court.     It is only when the allegation to which the proof is directed is unproved, not in some particulars only, but in its general scope and meaning, that the objection becomes fatal.     There is no such failure of proof here.     The contract is substantially proved as alleged; and should a new trial be awarded, it would only send the parties back, to go again over the same ground, and, as there is no claim of newly discovered evidence, doubtless with the same result.

The order granting a new trial must therefore be reversed.