## MILLER v. KENDIG.

1. **Contract:** STATUTE OF FRAUDS. A parol agreement by the grantee of land, that in case he sells the land for more than the price paid one-half the excess shall be paid to the grantor, does not create an interest in real estate, and is not within the statute of frauds.

2. **Practice:** PLEADING: VARIANCE. A variance between pleading and proof held immaterial under section 2686 of the Code.

3. **Contract:** UNCERTAINTY. A contract, whereby a grantee agreed to account to the grantor for the proceeds of certain land above a "reasonable amount" in advance of the price paid by him, held not to be void for uncertainty.

*Appeal from Mahaska District Court.*

MONDAY, DECEMBER 13.

THE plaintiff avers in his petition that he sold and conveyed to the defendant certain land for the agreed price of $1,650, and for one-half of what the defendant should realize above that sum in case of the sale of the land by him for a larger amount. He also avers that the defendant has sold the land, and has received therefor, in advance of the sum of $1,650, the sum of $425 and twenty-five shares of stock of the value of $2,500; that he has demanded of the defendant one-half of the sum of $425 and one-half of the stock, but defendant refuses to pay the money and refuses to transfer the stock. Wherefore he asks judgment for the sum of $1,675.50, and interest and costs.

To the petition the defendant demurred upon the ground that the contract set out showed the creation of a trust or interest in real estate, and, not being shown to be in writing, was within the statute of frauds.

The court overruled the demurrer. Thereupon the defendant filed a motion to transfer the cause to the equity docket, which motion the court overruled.

There was a trial by jury, and verdict and judgment were rendered for the plaintiff for $450. The defendant appeals.

*Williams & McMillen*, for appellant.

*John F. Lacey*, for appellee.

ADAMS, CH. J.—I. The first question presented is as to whether the contract set out is within the statute of frauds. 1. CONTRACT: The deed was absolute upon its face, and con-statute of frauds. veyed the legal title. If an interest was retained by the plaintiff it was retained by virtue of the agreement relied upon, and was created by parol. Such contract would be within the statute. Code, § 3664, subdivision 4.

Where land is conveyed under an agreement that it shall be re-sold upon the joint account of grantor and grantee, there is much reason for holding that the grantor retains an interest in the land. We are inclined to think that if the agreement in such case were in writing, and the grantee should refuse or neglect to sell, and should appropriate the land to his own use, the grantor would be entitled to have the agreement enforced in a court of equity. But there is nothing in the agreement set out in this case from which it can be gathered, even by implication, that the defendant was obligated to sell the land. He had the fullest liberty to appropriate the land solely to his own use, or make a gift or devise of the same, or transmit it to his heirs. Such being the fact it is impossible to say that the plaintiff retained an interest in the land.

The agreement entered into between the parties pertained merely to the purchase-price. It was to be at least $1,650, and in a certain contingency more than that. The plaintiff shows that the contingency has happened. We can conceive that $1,650 was considered by the parties to be the fair value of the land, unless it should be found to be of such a character that it could be sold for coal land, in which event it was supposed it would be worth more. But the defendant made no

agreement to make any particular disposition of the land, and in the absence of such agreement it appears to us that he did not, in any sense, hold the land for the plaintiff's benefit. In our opinion the contract set out is not within the statute of frauds.

II.   The defendant contends that there is a variance be-

2. PRACTICE:   tween the pleadings and the evidence, and that
pleading:
variance.      the contract pleaded was not proven.

The contract as set out is that if the defendant sold the land he was to give plaintiff one-half the proceeds above $1,650.   The contract as proven is that if the defendant sold the land *for coal land*, and *for a reasonable amount* above what he paid, he was to give plaintiff one-half the *surplus.*

The provisions of the Code touching the questions raised are as follows:

" Sec. 2686.   No variance between the allegations in a pleading and the proof is to be deemed material unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits.   Whenever it is alleged that a party has been so misled, that fact must be shown by proof to the satisfaction of the court, and such proof must also show in what respect he has been so misled, and thereupon the court may order the pleading to be amended upon such terms as may be just.

" Sec. 2687.   When the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, and may order an immediate amendment without costs.

" Sec. 2688.   When, however, the allegation of the claim or defense to which the proof is directed is unproved in its general meaning, it shall be not deemed a case of variance within the last two sections, but a failure of proof."

No objection upon the ground of variance appears to have been made upon the trial, and we do not think that the verdict should have been set aside unless there was a failure of proof within the meaning of section 2688, above quoted. We

have, then, the question as to whether the plaintiff's claim was "unproved in its general meaning."

If a person should sue for goods sold at an alleged contract price, and the evidence should show that the contract price was less than alleged, and a verdict should be rendered accordingly, there would evidently not be such failure of proof as would justify setting aside the verdict. The claim would not be unproved in its general meaning; the claim in its general meaning being for the price of the goods sold.

In the case at bar the claim in its general meaning was for the balance of the contract price of land sold. The evidence showed something due, though somewhat less than was claimed, because the evidence showed the contract price to be somewhat less than was claimed.

If, upon the trial, the defendant had claimed and shown that he was misled, to his prejudice, because the contract averred was different from that proven, the court might, under section 2686, above quoted, have ordered the plaintiff to amend his petition, and imposed such terms as would have been just, and even granted to the defendant a continuance if rendered necessary by the amendment.

But such course not having been taken, and the plaintiff's claim being proven in its general meaning, we do not think that the defendant can now complain.

III.   It is insisted, however, that the contract is void for uncertainty, it being impossible to determine what would be a reasonable amount above $1,650.

3. CONTRACT: uncertainty.

If the defendant made improvements upon the land, paid taxes, etc., it seems reasonable that he should be compensated therefor. We have no doubt the parties had in mind such reimbursements to the defendant as should leave only the net profits to be divided. While in one sense there was an uncertainty as to the amount that should be allowed, the uncertainty, we think, was not of such kind as to render the contract void.

IV. The defendant contends that the verdict is excessive. The verdict is for $450. The undisputed evidence is that the defendant received for the land $2,075 in money, and twenty-five shares of stock in the Excelsior Coal Company. The jury found specially that the stock was worth $625. The jury also found that the defendant expended in improvements $192.50, and paid taxes to the amount of $15. If we add the last two sums to the amount paid we find the whole amount paid to be $1,857.50. This deducted from the whole amount received leaves $842.50. The jury must have found that the excess was $900. It seems probable that they charged the defendant for rents received, but we see no evidence upon this point, although there is some evidence of a lease. Besides, if such charge should be made, we think that the defendant should be credited with the interest upon the $1,650 from the time of the payment thereof to the time of his sale. Taking the special findings in connection with the evidence, it appears to us that the plaintiff was entitled to recover only one-half of $842.50.

It follows that, in our opinion, the verdict was too large by $28.75. If the plaintiff shall elect within thirty days to remit that amount he may have judgment in this court for the balance. Otherwise the case must be reversed and remanded for another trial.

MODIFIED AND AFFIRMED.