[Filed April 14, 1891.]

## J. J. STOKES *v.* WM. BROWN.

VARIANCE, WHEN NOT MATERIAL. — No variance between the allegations and proof is material unless the adverse party is misled to his prejudice in maintaining his action or defense on the merits.

PARTY CLAIMING TO BE MISLED MUST PROVE SAME. — Whenever a party claims to be misled, that fact should be proved to the satisfaction of the court, and unless he does so, the court may either direct the fact to be found according to the evidence, or order an immediate amendment without costs.

WHAT NOT A VARIANCE. — When the allegation is unproved, not in some particular or particulars only but in its entire scope and meaning, it shall not be deemed a variance, but a failure of proof.

Clatsop county:  FRANK J. TAYLOR, Judge.

Plaintiff appeals.  Reversed.

*C. W. Fulton,* for Appellant.

*F. D. Winton,* for Respondent.

BEAN, J.—This is a suit to enforce specific performance of a contract to convey real estate.  The complaint was filed on the 31st of December, 1889, and on the——day of———, 1890, the issues being joined, the cause was referred for the purpose of taking testimony.  The complaint avers that on the 21st day of August, 1889, the defendants, for and in consideration of the sum of one dollar, executed and delivered to plaintiff their agreement in writing wherein they covenanted and agreed to sell and convey to plaintiff block 23 in the town of Williamsport, upon the payment to them by plaintiff of the sum of $200 within ninety days thereafter; that on November 16, 1889, plaintiff tendered to defendants the sum of $200, and demanded the conveyance of said land in accordance with said contract, but they refused to accept the money or make the conveyance.  The answer denies that the contract was made on the 21st day of August, 1889, or upon any other date or time mentioned in the complaint, or that the tender was made on the 16th day of November, 1889, or upon any other day or time set forth in the complaint.  Plaintiff offered in evidence before the referee a contract in writing executed by defendants, which is the same as alleged in the complaint, except that it is dated June 20, 1889, and is in favor of J. J. Stokes & Co.  An objection was made to the admission of this contract in evidence, because it was immaterial, irrelevant and incompetent.  From the evidence it appears that at the time the complaint was drawn, the contract was misplaced, and hence the mistake; but before the taking of testimony was begun, it was found and a copy delivered to defendant's attorney.  The evidence also shows that at the time the contract was made, plaintiff was doing business under the name of J. J. Stokes & Co., and that the tender was made on the 18th day

of September, 1889, in place of November 16th, as alleged
in the complaint. When the cause came on for trial in the
court below, plaintiff asked leave to amend his complaint by
conforming it to the facts proved; but his application was
denied, and the complaint dismissed on the ground that
there was a material variance between the contract alleged
in the complaint and the proof. The complaint does not
aver the contract *in extenso*, but according to its legal effect.
The variance claimed is that the contract offered in evidence
is in favor of J. J. Stokes & Co. in place of J. J. Stokes as
alleged, and is dated June 20, 1889, in place of the 21st day
of August of the same year. It is argued for the respondent
that this variance is fatal and the contract should not be
admitted in evidence. If the statute of this state has not
changed the rule which is to govern in this case, the objec-
tion is well taken and the court below was clearly right in
holding that there was a fatal variance.

The authorities are uniform to the effect that where a
writing is the foundation of a suit or action, the description
thereof contained in the complaint must be proved as laid,
and where the instrument offered in evidence varies from
the one pleaded, this variance renders it inadmissible, unless
the rule has been changed by statute. Many of these author-
ities were cited by respondent's attorney on the argument.
The statute of this state, however, contains provisions on
the subject of variance applicable to all actions, and if they
establish a different rule from the one recognized in the
cases relied on by respondent, we are bound to apply it.

It is provided in the first place that no variance between
the allegations and proof shall be deemed material unless
it has actually misled the adverse party to his prejudice in
maintaining his action or defense on the merits; and when-
ever it shall be alleged that a party has been so misled, that
fact shall be proved to the satisfaction of the court, and in
what respect he has been misled; and thereupon the court
may order the pleadings to be amended upon such terms as
shall be just. (Hill's Code, § 96.) It will be observed that

it is not left to the judgment of the court whether in a given instance the variance was calculated to mislead, but that fact must be proved to the satisfaction of the court. Where the variance is not material, as above provided, that is, where the party has not proved that he has been misled, the court may either direct the fact to be found according to the evidence, or may order an immediate amendment without costs. (Hill's Code, § 97.) But where the allegation is uproved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a variance, but a failure of proof. (Hill's Code, § 98.) These provisions have materially changed the rule of evidence, and it does not now depend upon the incoherence of the two statements upon their face, but upon proof *aliunde*, as to whether the party has been misled to his prejudice by the incorrect statement. In this case, the defendants did not offer any proof of the character required, nor did they claim that they had been in any way misled. In fact, from the record it affirmatively appears that they had full knowledge of the contract plaintiff was relying on before any testimony was taken in the case whatever, and were furnished with a copy thereof. They both testified as witnesses, but did not undertake to deny the execution of the contract or make any defense thereto, except that the tender was not made within the ninety days specified in the contract. They contented themselves by relying upon their objection to the admission of the contract in evidence, claiming that the contract alleged in the complaint is different from that offered, and hence insisting that the proof was not within the issue. If, then, the discrepancy in the contract alleged and the one offered in evidence was a variance as defined by the provisions of the statute above cited, it should have been regarded as immaterial, and the only question here is, whether it was a fault of that kind or a failure of proof as defined in section 98. That it was an immaterial variance under the statute of this state, we think does not admit of serious question. (*Dodd* v. *Denny*, 6 Or. 156; *Henderson* v.

*Morris,* 5. Or. 27; 1 Rumsey's Prac. § 540; *Catlin* v. *Gunter,* 11 N. Y. 368, 62 Am. Dec. 113; *Place* v. *Minster,* 65 N. Y. 89; *Johnston H. Co.* v. *Clark,* 30 Minn. 308; *Kopplekom* v. *Huffman,* 12 Neb. 95.) In general terms, the scope and meaning of the allegations in the complaint are that defendants agreed in writing to sell and convey by warranty deed to plaintiff block 22 in Williiamsport within ninety days from the date of the contract on the payment to them by him of the sum of $200; that he tendered the money within the time specified in the contract, but defendants have refused to convey the land to him according to agreement. The contract offered in evidence is the same in terms as the one the legal effect of which is averred in the complaint. The property, the consideration, the terms of contract, the time of payment, and the parties are the same, and the only difference is the date, and that the contract is in favor of J. J. Stokes & Co., who is really the plaintiff. This is a variance in some particulars only, and not in the entire scope and meaning of the complaint. If defendants were in any way misled by the discrepancy between the allegations and proof, they should have made that fact appear to the court, and not having done so, the variance must be considered immaterial, and the facts found according to the evidence.

It was said by counsel for respondent on the hearing that the evidence did not show that the tender was made by plaintiff within the time provided in the contract. We have examined the testimony on this question, and if it be conceded that time is of the essence of the contract, we think the plaintiff has shown by a decided preponderance of the evidence that the tender was made within the ninety days provided in the contract.

The decree of the court below will therefore be reversed, and a decree entered here as prayed for in the complaint.