## ZENO v. BAZZELL *et al.*

No. 3497.    Opinion Filed February 28, 1914.

(139 Pac. 281.)

1.  **BILLS AND NOTES**—Variance—Exclusion of Evidence. Where the facts which warrant a judgment for the plaintiff have been clearly alleged, and the defendants have admitted the execution of the note sued on, and the court sustained an objection to the introduction of such note in evidence on the ground that there was a fatal variance because the original note was dated March 25, 19——, and the copy attached to the petition was dated March 25, 1910, **held** that the court erred in sustaining the objection to the introduction of such instrument in evidence.

2.  **SAME**—Materiality. No variance between the allegation of the pleading and the proof is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Craig County;*
*S. F. Parks, Judge.*

Action by Louis Zeno against Charles Bazzell and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded for new trial.

Plaintiff sued on a note for $500 alleged to have been made by the defendants Charles Bazzell and Clem Huelsenkamp to Will Devine and by Will Devine indorsed for a valuable consideration to the plaintiff, Louis Zeno. The note was alleged in the petition to have been dated March 25, 1910, and to have been payable in 60 days after date. The copy of the note, attached to the petition as an exhibit, also bore date of March 25, 1910.

The petition alleged that the note was due and unpaid at the time suit was instituted, which was August 13, 1910. Defendants Bazzell and Huelsenkamp answered, admitting the execution of the note sued on as set forth in plaintiff's petition, and defended upon certain alleged grounds of fraud, which is not involved in this appeal. Issues were joined, the cause called for trial, plaintiff offered in evidence the note sued on, and it was found to be dated March 25, 19—, the date of the year being left blank. Will Devine was called as a witness, identified the note as the note given to him by the defendants Charles Bazell and Clem Huelsenkamp, and said note was offered in evidence, but excluded on the ground that there was a fatal variance between the note sued on and the one offered in evidence. The plaintiff saved his exceptions and rested. After a motion for new trial was filed and denied, and the case comes here for review.

*Seymour Riddle,* for plaintiff in error.

*Wm. P. Thompson,* for defendants in error.

Opinion by RITTENHOUSE, C. (after stating the facts as above). The question presented by the several assignments of error is whether or not the court erred in excluding the note from the jury on the ground that there was a fatal variance between the note pleaded and the one offered in evidence. Comp. Laws 1909, secs. 5673 and 5674 (Rev. Laws 1910, secs. 6062 and 6063), provides:

"Section 5673: No variance between the allegations in a pleading and the proof, is to be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just."

"Section 5674: When the variance is not material, as proved in the last section, the court may direct the fact to be found, according to the evidence and may order an immediate amendment without cost."

Zeno v. Bazzell et al.

· From an examination of the record, we cannot see how the defendants could have been misled in their defense by reason of this slight variance. They had already admitted in their answer the execution of the note sued on and were defending on the grounds of fraud. Under these circumstances, it could not be said that the slight variance in the date of this note misled the defendants to their prejudice in their defense; that they were so misled must be proved to the satisfaction of the court, and it must be shown in what respect they have been misled, as provided by section 5673, *supra*. They could neither allege nor prove in this action that they were misled, when they had already admitted the execution of the note sued on.

"In the various states in which the code system, as contradistinguished from the common-law system, prevails, the rule as to variance is that it must be such as to mislead the adverse party to his prejudice in maintaining the action or defense on the merits." (13 Enc. of Ev. 646.)

*C., R. I. & P. Ry. Co. v. Bankers' National Bank,* 32 Okla. 290, 122 Pac. 499; *Short v. McRae,* 4 Minn. 119 (Gil. 78).

Where the facts which warrant a judgment for the plaintiff have been clearly alleged, and the defendants have admitted the execution of the note, an objection to the introduction of the note in evidence on the ground that there was a fatal variance, because the original note was dated March 25, 19—, and the note attached to the petition was dated March 25, 1910, is a frivolous objection, and the trial court erred in sustaining the same.

For the reasons assigned, the judgment of the trial court should be set aside, and the cause reversed and remanded for a new trial.

By the Court: It is so ordered.