# LUTHER LUMBER COMPANY v. SHELDAHL SAVINGS BANK.

## (No. 725.)

JUDGMENT—MODIFICATION OR CORRECTION AFTER TERM—FINALITY—
MOTION FOR NEW TRIAL—RULING UPON AT SUCCEEDING TERM—
AUTHORITY OF COURT—CORPORATIONS—BILLS AND NOTES—CONSID-
ERATION — USE FOR ILLEGAL PURPOSE — LIABILITY — EVIDENCE—
VARIANCE.

1. When a judgment has become final by the expiration of
   the term at which it is entered, the court is without author-
   ity to set it aside or modify it on its own motion, or on
   application made after the term, except as provided by
   statute, but when an application to modify it or a motion
   for a new trial is timely made at the trial term, the judg-
   ment does not become final until the application or motion
   is decided.

2. A motion for new trial duly made is a pending proceeding
   in the action until ruled upon, and, like any other pending
   proceeding or issue, does not expire with the term at which
   it is made, if not determined at that term.

3. Where a motion for new trial has been filed at the term at
   which judgment was entered, but is not decided at that
   term, the court has power at the next term, in deciding
   such motion, to modify its former finding and judgment to
   conform to what it then finally concludes to be the right
   of the matter.

4. In an action on a note given by a corporation for borrowed
   money used in purchasing its own stock, a finding that
   the lender had no knowledge of the purpose for which
   the money was borrowed, *held* to be sustained by the evi-
   dence.

5. Where a loan is made to a corporation engaged in a lawful
   business without knowledge of the purpose for which the
   money is to be used, the fact that the corporation uses it
   for a forbidden purpose, will not defeat a recovery by the
   lender upon the note of the corporation given at the time
   of the loan for the amount thereof.

6. In an action on a promissory note, the petition having
   alleged the execution of the note by defendant corporation
   and its co-defendant, evidence showing that the note was
   executed in the name of the corporation by the other
   defendant as treasurer, and indorsed by the latter individ-
   ually, did not constitute a failure of proof, but only a var-

iance to be deemed immaterial, unless the defendant corporation was misled to its prejudice, under Sections 4591, 4592, and 4593, Compiled Statutes, 1910.

7. In such action, *held,* upon a statement of the proceedings, that the defendant corporation was not misled by the variance to its prejudice.

[Decided March 23, 1914].          (139 Pac. 433).

ERROR to the District Court, Laramie County; HON. RODERICK N. MATSON, Judge.

The material facts are stated in the opinion.

*Lee & Mallin,* for plaintiff in error.

The court was without authority to change or modify the finding of facts after the expiration of the term at which the judgment was entered and after execution had issued thereon. (Bethel v. Bethel, 6 Bush. (Ky.) 65; Barber v. Biloxi, 25 So. 298; Peterson v. Bank, 88 Ill. App. 190; Doe v. Min. Co., 60 Fed. 643; Buckles v. Bank, 63 Ill. 268; DeCastro v. Richardson, 25 Cal. 49; Horner v. Horner, 37 Ill. App. 199; Ry. Co. v. Haynes, 82 Tex. 448; Heert v. Cruger, 14 Misc. (N. Y.) 508; Dillon v. R. R. Co., 58 Neb. 472; Emerson v. Heard, 81 Ala. 443). There was a failure of proof, for the note sued upon was alleged to be the note of the Luther Lumber Company and A. B. Schuetz as makers, while the evidence disclosed that Schuetz was surety only. (Weinreich v. Johnson, 20 Pac. 556; Washington v. Timber Lake, 74 Ala. 259; Cotes v. Campbell, 3 Cal. 192; Boren v. Bank, 8 Ark. 500; Becker v. Ins. Co., 68 Ill. 412; Bank v. Hubbard, 4 Ark. 419; Jordan v. Reed, 77 N. J. L. 584; Ashley v. Henderson, 76 N. E. 985; Wyo. Comp. Stat. 1910, Sec. 4406). The court originally found by the order entering judgment that the plaintiff below knew the purpose for which the money was borrowed. Having that knowledge, the plaintiff was not in a position to assert its claim against the defendant, assuming that the defendant purchased the stock as claimed. (Wyo. Comp. Stat. 1910, Sec. 3983; Thompson v. West, 59 Neb. 677; Adams & W. Co. v. Deyette, 8 S. D. 119; Alexander v. Campbell, 83 N.

Y. 480; Burrows v. Niblack, 84 Fed. 111; Anderson v. Kissam, 35 Fed. 699; Tolman v. Min. Co., 22 N. W. 505). The court found as matter of law that the defendant was estopped from denying the validity of the note, though in the same order it was found that the plaintiff knew the purpose for which the money was borrowed. Where both parties have knowledge the rule of estoppel does not apply. (Lucas v. Trans. Co., 70 Ia. 541; Durkee v. People, 155 Ill. 354; Bundy v. Jackson, 24 Fed. 628; Bank v. Bank, 16 N. Y. 125; Converse v. Emerson Co., 242 Ill. 619; Bank v. Bank & Tr. Co., 116 S. W. 792; Kenyon R. Co. v. Bank, 31 L. R. A. (N. S.) 169). The owner of stock in a corporation cannot lawfully authorize the borrowing of money by the corporation with which to purchase the stock. (Graves v. Mono Lake Co., 22 Pac. 665). The finding in favor of the bank was contrary to the law and the evidence. (Bank v. Church, 109 N. Y. 512; Maroney v. Cole, 103 N. Y. Supp. 560; Tire Repair Co. v. Price, 115 N. Y. Supp. 171).

*Herbert V. Lacey* and *John W. Lacey,* for defendant in error.

The bank had nothing to do with any of the transactions shown in the evidence other than the loaning by it of the money to the Lumber Company and taking its note therefor. The note is in terms joint and several. The general principle that a court may not after the term change or modify its finding of facts is subject to the exception that if steps be taken during the term, by motion or otherwise, to set aside, modify or correct the findings, the court has the same power at another term to which the proceedings may be continued as it would have had at the original term. (Bronson v. Schulter, 104 U. S. 410; Goddard v. Ordway, 101 U. S. 745; Watson v. Skating Rink Co., 177 Ill. 203, 52 N. E. 317; New Orleans v. Fisher, 91 Fed. 574, 34 C. C. A. 15; Guinan v. Donnell, 201 Mo. 173, 98 S. W. 478; Niles v. Parks, 49 O. St. 370; O'Keefe v. Foster, 5 Wyo. 343; Walker v. Moser, 117 Fed. 230; Bruner v. Marcum,

50 Mo. 405; Mining and S. Co. v. Billings, 150 U. S. 31; Breeding v. Nelson, (Mo.) 121 S. W. 1080; Carey Co. v. Vickers, 134 Pac. 851). The court distinctly held that the evidence failed to disclose any knowledge on the part of the bank that the purpose of the loan was to purchase stock of the corporation. We think the correctness of the statement of ·the rule by counsel on the subject is to be doubted, but the claimed purchase was not in fact a purchase, but merely carrying out the condition named in a previous sale. The original sale to Judd was upon a condition subsequent, which in fact defeated the sale to him, and the money borrowed was used in settling the matter with him. A mere knowledge by the bank that the Lumber Company intended to use the money for a particular purpose is not a participation in that purpose by the bank. (Feineman v. Sachs, 33 Kan. 621, 7 Pac. 222; Tracy v. Talmage, 14 N. Y. 162; Brewing Ass'n. v. Mason, 44 Minn. 318, 46 N. W. 558; Delavina v. Hill, 65 N. H. 94, 19 Atl. 1000; Gambs v. Sutherland's Est., 101 Mich. 355, 59 N. W. 652; Sortwell v. Hughes, 22 Fed. Cas. 801; Ins. Co. v. Distilling Co., 182 Fed. 590; Armstrong v. Bank, 133 U. S. 433). The variance in the proof was immaterial. (Zeigler v. Wells Fargo & Co., 28 Cal. 264; Dart v. Sherwood, 7 Wis. 523; Hunt v. Adams, 5 Mass. 358; Inkster v. Bank, 30 Mich. 143; Lucas v. Smith, 42 Ind. 103; Nolte v. Hill, 36 O. St. 186; Lampkin v. Chisom, 10 O. St. 541; Bank v. Woods, 28 N. Y. 545; Kuhn v. McKay, 7 Wyo. 42; R. R. Co. v. Pollock, 16 Wyo. 321; Wyo. Comp. Stat., Secs. 4438, 4591; Coates v. Bank, 91 N. Y. 20; O'Connor v. Delaney, (Minn.) 54 N. W. 1108). The evidence clearly establishes that the execution of the note by the treasurer of the corporation was ratified. Ratification need not be pleaded. (Goetz v. Goldbaum, (Cal.) 37 Pac. 646; Bigler v. Baker, 40 Neb. 325, 58 N. W. 1026; Smith v. Bank, 107 Ia. 620, 78 N. W. 238; Long v. Osborn, 91 Ia. 160, 59 N. W. 14; Hoyt v. Thompson's Ex'r., 19 N. Y. 207; Hubbard v. Williamstown, 61 Wis. 397; Min. Co. v. Donat, 10 .Colo. 529, 16 Pac. 157; Watson v. Bigelow, 47 Mo. 413; Perkins

v. Boothby, 71 Me. 91; Willis v. St. Paul S. Co., (Minn.) 55 N. W. 550; Whitney v. Trust Co., 65 N. Y. 576). Illegality must be pleaded. (Atchison &c. R. Co. v. Miller, . (Neb.) 21 N. W. 451; Mitchell v. Branham, (Mo.) 95 S. W. 939; Ry. Co. v. Bagley, (Kan.) 56 Pac. 759).

*Lee & Mallin,* for plaintiff in error, in reply, contended that the evidence was insufficient to sustain the amended finding as to the bank's knowledge of the purpose of the loan. And, further, that a contract beyond the power of a corporation cannot be ratified so as to create a liability, citing: 16 Cyc. 1070 & notes; Orr v. Lacey, 2 Doug. (Mich.) 230; Bank v. Sherwood, 10 Wis. 230; Building Co. v. Bank, 181 Ill. 35; McCracken v. San Francisco, 16 Cal. 591; Hotchin v. Kent, 8 Mich. 526; Nellie Co. v. Nellie, 62 Hun, 63; Brady v. N. Y., 20 N. Y. 312; Lyndon Mill Co. v. Lyndon Lit. Inst., 22 Atl. 575; Marsh v. Fulton Co., 10 Wall. 676; 126 Pac. 757.

BEARD, JUSTICE.

The plaintiff below, Sheldahl Savings Bank, a corporation, filed its petition in the District Court against Luther Lumber Company, a corporation, and A. B. Schuetz as defendants. For a first cause of action it alleged that on March 7, 1908, the said defendants (the Luther Lumber Company by the name and style of "Luther Lumber Co.") for value, made, executed and delivered to plaintiff their promissory note in writing, (a copy of which is hereto attached marked "Exhibit A.") and thereby for value promised to pay plaintiff the sum of fifteen hundred dollars with eight per cent. per annum from date until paid and reasonable attorney's fees if suit be brought on the note; that a reasonable attorney's fee was one hundred and fifty dollars; that the note was payable on demand; that due and proper demand had been made on defendants for payment, which was refused, and that the note was due and unpaid.

For a second cause of action it alleged that on March 7, 1908, the plaintiff at the request of the defendants, and each of them, paid to the use of the defendants the sum of fif-

teen hundred dollars, all of which, with interest thereon at eight per cent. per annum, is still due plaintiff from the defendants and unpaid.  Exhibit A. attached to the petition is in form a promissory note of the date, tenor and effect as alleged, and signed, "Luther Lumber Co. by A. B. Schuetz, Treas."   And "A. B. Schuetz."

The answer of the Lumber Company denied the allegations of the petition, and alleged that if such a note was executed it was wholly without authority on the part of the defendant, the Luther Lumber Company.   The defendant Schuetz was not served with summons and did not enter an appearance.

A jury being waived, the cause was tried to the court, which found generally for the plaintiff, and further found that the plaintiff furnished to the defendant the sum of $1500 on March 7, 1908, and received therefor the note in suit; that defendant has at all times since retained said moneys so received, and appropriated them to its own use, and that the defendant cannot therefore repudiate the note upon which the said moneys were received. That the method of the borrowing of said money was as follows:  The money was borrowed by the defendant upon the note sued on and placed to the credit of A. B. Schuetz, who was then treasurer of the defendant company;  that the money was checked out by the said A. B. Schuetz and placed in the Luther State Bank and was paid for stock purchased by and for the defendant in this cause of one Judd, which stock the defendant received for its own use, and that the plaintiff and the defendant knew of the borrowing of the money for the said purpose, and that said stock was part of the stock of the defendant company, which by agreement between the defendant company and Judd, the defendant company has become obligated to purchase.  That counsel had agreed that $250 was a reasonable attorney's fee for plaintiff's attorneys.  That the amount due to plaintiff from defendant was $2,149.66, as principal, interest and attorney's fees.  For which sum judgment was accordingly entered July 6, 1911, one of the days of the June, 1911, term of said court.  On

July 12, 1911, and during the same term of the court, defendant filed its motion for a new trial; and on July 18, 1911, plaintiff filed a remittitur of $100 from the amount awarded as attorney's fees. The motion for a new trial was argued and submitted to the court at the same term, but was not decided until March 14, 1912, which was during the next succeeding term of the court, when the court modified its findings and judgment by striking out of said finding the statement that plaintiff knew the purpose for which the money was borrowed, and instead thereof found that the evidence did not disclose that plaintiff had such knowledge, and reduced the amount of attorney's fees to $150, and as so modified, denied the motion for a new trial. The defendant brings error.

The first contention contained in the brief of counsel for plaintiff in error is, that the court was without authority to change or modify its findings and judgment after the expiration of the term at which the judgment was given and entered. The general rule is well settled that when a judgment has become final by the expiration of the term at which it is entered, the court is without authority to set it aside or modify it on its own motion, or on an application therefor made after the term, except as provided by the statute. But when an application to modify it, or a motion for a new trial is timely made at the trial term, the judgment does not become final until the application or motion is decided. Until that is done the rights of the parties are not finally determined in that court. When a motion for a new trial is duly made it is a pending proceeding in the action until ruled upon, and like any other pending proceeding or issue does not expire with the term at which it is made, if not determined at that term. The reasons for this exception to the general rule are obvious. If a motion for a new trial is timely made and submitted on the last day of the term but not then decided, according to the contention here made, the court could not the next day either grant or deny it, for if it could not then grant it, it could not pass any judgment upon it, and the motion would be dead to all intents and

purposes, and the aggrieved party would be thereby deprived
of his right to bring the cause to this court on those alleged
errors which are required to be first presented to the trial
court by a motion for a new trial.  This court held in Con-
radt v. Lepper, 13 Wyo. 99, 78 Pac. 1, 3 Ann. Cas. 627, that
the time within which proceedings in error can be com-
menced, as to those matters which are required to be pre-
sented to the trial court by motion for a new trial, dates
from the overruling of the motion.  In this case the motion
was made and submitted at the trial term, but not then ruled
upon and was carried over to the next term as unfinished
business.  At the next term, on due consideration and re-
examination of the case, the court modified its former find-
ing and judgment to conform to what it then on re-examina-
tion finally concluded to be the right of the matter.  That it
had authority to do so, we entertain no doubt, and shall con-
tent ourselves with citing a few of the decisions so holding:
O'Keefe v. Foster, 5 Wyo. 343, 40 Pac. 525; Goddard v.
Ordway, 101 U. S. 745, 25 L. Ed. 1040; Watson v. Le-
Grand Roller Skating Rink Co., 117 Ill. 203, 52 N. E. 317;
City of New Orleans v. Fisher, 91 Fed. 574, 34 C. C. A. 15;
Guinan v. Donnell, 201 Mo. 173, 98 S. W. 478; Niles v.
Parker, 49 O. St. 370, 34 N. E. 735; First Christian.Church
v. Robb et al., (Ore.) 138 Pac. 856.

The finding of the court that the evidence did not disclose
any knowledge on the part of the plaintiff of the purpose
for which the money was borrowed we think is fully sus-
tained by the evidence.  It appears the note was made at
Luther, Wyoming, and sent to the Bank in Iowa, accompan-
ied by a letter stating that the money was for the use of the
Lumber Company, and would be paid in a short time; no
mention being made of the purpose for which it was to be
used; and the only evidence we find in the record tending to
show any knowledge on the part of the Bank of the pur-
pose of the loan is that the cashier of the Bank was a stock-
holder in the Lumber Co. and had had some conversations
with other members of the company about taking up the
Judd stock; but he denied any knowledge or information

as to the purpose for which the money was desired or to be used other than that contained in the letter. Counsel have cited a number of authorities and have ably argued that if money is loaned with knowledge on the part of the lender that it is to be used by the borrower for an illegal purpose that the courts will not assist him to recover it. But none of the cases go to the extent of holding that where a loan is made to a corporation engaged in a lawful business without knowledge of the purpose for which the money is to be used, and the corporation uses it for a forbidden purpose, that it can defeat a recovery on that ground.

It is further contended that there was such a fatal variance between the allegations of the petition and the evidence as to amount to a failure of proof, because it was alleged that the Lumber Company and Schuetz made, executed and delivered the note by which they agreed to pay, etc.; while the note introduced in evidence was signed "Luther Lumber Co. By A. B. Schuetz, Treas.," and was indorsed by Schuetz. The statute, (Sec. 4591, Comp. Stat. 1910) provides, "No variance between the allegation in a pleading and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits, and when it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as are just."

Sec. 4592. "When the variance is not material the court may direct the fact to be found according to the evidence, and may order an immediate amendment without costs."

Sec. 4593. "When the allegation of the claim or defense to which the proof is directed is unproved, not in some particular or particulars only, but in its general scope and meaning, it shall not be deemed a case of variance within the last two sections, but a failure of proof."

The several grounds upon which the defendant sought to defeat a recovery were, that the money was not borrowed

by or used by the defendant company; that Schuetz had no authority to execute the note on behalf of the company, and that it was loaned by the Bank with knowledge that it was to be used for a prohibited purpose. The issues in the case were made up August 11, 1910, and the note in suit was first offered in evidence in connection with the deposition of the witness Graeber, taken November 16, 1910, at which an attorney for defendant appeared and cross-examined the witness and objected to the introduction of the note on the ground that it was "irrelevant and immaterial and incompetent, because no authority or power is shown in A. B. Schuetz to execute the note in question." A copy of the note showing the manner in which it was signed and indorsed is attached to and is part of the deposition. At the trial, July 6, 1911, the objection to the introduction of the note was that it was irrelevant and indorsed by Schuetz in his individual capacity. At no time was it objected to on the ground of variance or that it was not the note sued upon and described in the petition; nor was its admission in evidence assigned as error in the motion for a new trial. The defendant had the opportunity to and did present its evidence tending to sustain its several defenses; and we are unable to see wherein it was misled to its prejudice in maintaining any defense on the merits which it claimed to have. The liability of the company to the plaintiff on the note was the same whether Schuetz was a maker or indorser; and it was not a case of failure of proof within the general scope and meaning of the petition, but such a variance as the statute provides shall be deemed immaterial unless it has actually misled the party to his prejudice in maintaining his action or defense on the merits, which fact must be shown on the trial. It was substantially so held by this court in Rainsford v. Massengale et al., 5 Wyo. 1, 35 Pac. 774; Kuhn v. McKay, 7 Wyo. 42, 49 Pac. 473, 51 Pac. 205; and C. B. & Q. R. R. Co. v. Pollock, 16 Wyo. 321, 93 Pac. 847. Also under similar statutes in other States. (Schmidt v. Bank, 10 Colo. App. 261, 50 Pac. 733; Hoffman v. Gordon Bros., 15 O. St. 211; Reddick v. Keesling, 129 Ind. 128, 28

N. E. 316; Miller v. Kendig, 55 Ia. 174. 7 N. W. 500; Jenkins v. Barrows et al., 73 Ia. 438, 35 N. W. 510; Short v. McRea & Register, 4 Minn. 119, (Gill. 78); Stokes v. Brown, 20 Ore. 530, 26 Pac. 561). We are satisfied from an examination of the evidence that the findings of the court are supported by sufficient evidence and that no prejudicial error has been made to appear. The judgment of the District Court is therefore affirmed.        *Affirmed.*

SCOTT, C. J., concurs.

POTTER, J., did not sit.