# CHICAGO, R. I. & P. RY. CO. v. BANKERS' NAT. BANK.

## No. 1606.   Opinion Filed March 12, 1912.

### (122 Pac. 499.)

1. **ASSIGNMENTS—Claims Assignable—Injuries to Freight.** S. assigned to B., as collateral security, his claim against C. for damages on account of injuries to freight received in transportation under a written contract. The amount of the claim exceeded the face of the debt. B. brought suit in his own name, without joining S. **Held:**

    (a)   That the claim was assignable.

    (b)   That B. could maintain the action thereon in his own name, and that S. was not a necessary party.

2. **STATES—Territorial Courts—Effect of Admission to Statehood.** When a cause of action was commenced after statehood, the procedure in force in the state applied, although the cause of action arose in the Indian Territory prior to statehood.

3. **PLEADING—Variance—Materiality.** No variance between the allegations in a pleading and the proof is to be deemed material unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits.

4. **APPEAL AND ERROR—Review—Harmless Error.** The court in every stage of action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.

5. **SAME—Instructions—Construction as a Whole.** When it appears that the court's instructions only authorize the jury to return a verdict for injury to goods in transportation, and when the full amount of the verdict returned is sustained by the evidence of injury, a cause will not be reversed because the court refused an instruction advising the jury that they could not consider the value of goods which were lost, no claim for such value being made, although there is evidence that some of the goods were lost.

6. **SAME—Review—Questions of Fact—Amount of Recovery.** Where the evidence of damage is in general terms and of doubtful competency, but is uncontradicted, and its admissibility is not challenged, a verdict of a jury which has been approved by the trial court on motion for new trial will not be disturbed in this court.

(Syllabus by Ames, C.)

*Error from Carter County Court;*
*I. R. Mason, Judge.*

Action by the Bankers' National Bank against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*C. O. Blake, H. B. Low, R. J. Roberts,* and *W. H. Moore,* for plaintiff in error.

*Bledsoe & Little,* for defendant in error.

Opinion by AMES, C. This action was commenced in August, 1908. One J. A. Simpson had assigned to the plaintiff all of his right, title, and interest "in and to a certain claim for damages to personal property filed by me against the Chicago, Rock Island & Pacific Railway Company." The assignment was given as security for a note which Simpson owed the plaintiff, amounting to less than the claim against the defendant. The petition alleged that the Southern Railway Company accepted a shipment of goods at Harriman, Tenn., in January, 1907, "and agreed and undertook to transport and deliver the same to Ardmore, Okla. (then Indian Territory), for a consideration of $126, * * * and that the same were delivered to the defendant at Memphis, Tenn., by said Southern Railway Company, January 9, 1907, and accepted by said defendant to be transported from Memphis, Tenn., to deliver to J. A. Simpson at Ardmore, Okla., in good condition, for the consideration hereinbefore mentioned." The plaintiff recovered and the defendant brings error.

The first error assigned is that, as the assignment was intended as collateral security, it did not vest in the plaintiff such an interest as would permit the plaintiff to maintain the action in its own name, and that Simpson was a necessary party in the case. We do not agree with this contention. In *Minnetonka Oil Co. v. Cleveland Vitrified Brick Co.,* 27 Okla. 180, 111 Pac. 326, Mr. Justice Williams, in delivering the opinion of the court, says:

"The more serious question in this record to determine is whether the contract was assignable. At common law no chose in action was assignable. In equity, however, every chose in

action, except a tort, was assignable, but subject to all equities that might be set up against it. *McCrum v. Corby*, 11 Kan. 467 (2d Ed. 353); *Kansas Midland Ry. Co. v. Brehm*, 54 Kan. 751, 39 Pac. 690; *Barringer v. Bes Line Constr. Co.*, 23 Okla. 131. 99 Pac. 776 [21 L. R. A. (N. S.) 597]; *Glenn v. Marbury*, 146 U. S. 499, 12 Sup. Ct. 914, 36 L. Ed. 790. Under our statute, every chose in action, not founded upon a tort, is assignable, and right of action is conferred upon the assignee. See section 4224, Wilson's Rev. & Ann. St. 1903; St. Okla. 1893, sec. 3898; *K. C., M. & O. Ry. Co. v. Shutt*, 24 Okla. 96, 104 Pac. 51 [138 Am. St. Rep. 870, 20 Ann. Cas. 255]."

Simpson's claim against the defendant, not arising out of a pure tort, was assignable. 2 Wilson's Rev. & Ann. St. 1903, secs. 4163, 4224 (Comp. Laws 1909, secs. 7349, 5558); *K. C., M. & O. Ry. Co. v. Shutt*, 24 Okla. 96, 104 Pac. 51, 138 Am. St. Rep. 870, 20 Ann. Cas. 255. 2 Wilson's Rev. & Ann. St. 1903, sec. 4226 (Comp. Laws 1909, sec. 5560), provides:

"An executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted. Officers may sue and be sued in such name as is authorized by law, and official bonds may be sued upon in the same way."

In construing this statute before it was adopted by us, the Supreme Court of Kansas, in *Walburn v. Chenault*, 43 Kan. 352, 23 Pac. 657, in deciding that the assignee of a judgment against a railroad company could sue thereon in his own name, notwithstanding that a beneficial interest was reserved to third persons, says:

"The consideration for the assignment was a large indebtedness of Tiernan to Chenault's Bank, or the bank of which he was president; and it was agreed that the proceeds of the judgment should be applied in payment of the indebtedness, and to the discharge of an attorney's lien which had attached to the judgment. The assignment was absolute, and is such as to vest in the assignee the whole legal title. He had such a beneficial interest in the proceeds of the judgment that he could bring an action in his own name, without joining other parties, who by collateral agreement might be entitled to a share of the pro-

ceeds. Under section 28 of the Code, it is provided that an action may be brought by a 'person with whom or in whose name a contract is made for the benefit of another, * * * without joining with him the person for whose benefit it is prosecuted.' The assignee was authorized to receive the proceeds of the judgment, and the assignment is such as to afford complete protection to the plaintiffs in error against a second action by other persons interested in the proceeds of the judgment, and to whom the assignee may be required to account. The plaintiffs in error were not limited or cut off from any defense by reason of the assignment, and the absence of parties to whom the assignee must account cannot cause any future embarrassment to the plaintiffs in error. In *Williams v. Norton,* 3 Kan. 295, it was held that where a note was assigned to one with a beneficial interest in the proceeds of the same, and with an understanding that he was to receive the money on it, such person was the real party in interest, within the meaning of the Code, and might sue in his own name, although he was not entitled to apply to his own use the whole of the proceeds. *Allen v. Brown,* 44 N. Y. 228; Pom. Rem. sec. 132. The action was properly brought in the name of the assignee, and no prejudice could result to the plaintiffs in error by his failure to join other parties interested in a part of the proceeds of the judgment, or by his failure to allege his liability to them."

It is true here, as in the case of *Walburn v. Chenault, supra,* that a recovery by the plaintiff is a complete protection to the defendant against any other claim which Simpson might assert, and that any defense which it might urge against Simpson it might likewise urge against the plaintiff. While there is some conflict in other jurisdictions as to whether the assignee may sue when the assignment is intended merely as collateral security (4 Cyc. 99-101, and notes), we think the previous decisions of this court, and of the Supreme Court of Kansas construing our statute, are sufficient to establish the right of such an assignee to maintain the action without joining the assignor.

It is urged, however, that as this cause of action arose in the Indian Territory, and was assigned to the plaintiff prior to statehood, the statutes of Arkansas should govern, and that under the practice then prevailing Simpson was a necessary party. Mansf. Dig. secs. 4934 and 473 (Ind. Ter. Ann. St..

1899, secs. 3139, 455) ; *Lanigan v. North*, 69 Ark. 62, 63 S. W. 62. As this action, however, was not commenced until after statehood, we think the procedure in force at the time it was instituted would apply. *Independent Cotton Oil Co. v. Beacham*, 31 Okla. 384, 120 Pac. 969; *Chicago, Rock Island & Pac. Ry. Co. v. Barone, post*, 122 Pac. 926.

It is next contended that the defendant's demurrer to the plaintiff's evidence should have been sustained, on account of a fatal variance. The petition alleged that the goods were delivered to the Southern Railway Company at Harriman, Tenn., and that the Southern Railway Company accepted the goods and agreed to transport them to Ardmore, while a copy of the bill of lading introduced in evidence by the defendant, on cross-examination of the shipper, shows that it was issued by the Cincinnati, New Orleans & Texas Pacific Railway Company, and it is argued that there was a fatal variance between the pleadings and the proof, and that therefore the plaintiff was not entitled to recover. The petition, however, in addition to alleging the contract with the Southern Railway Company, alleged that the freight was delivered to the defendant at Memphis, Tenn., by the Southern Railway Company, and accepted by the defendant to be transported from Memphis to Ardmore. Sections 4337, 4338, and 4339, Wilson's Rev. & Ann. St. 1903 (Comp. Laws 1909, secs. 5673, 5674, and 5675), are as follows:

"No variance between the allegations, in a pleading, and the proof, is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just.

"When the variance is not material, as provided in the last section, the court may direct the fact to be found, according to the evidence, and may order an immediate amendment without cost.

"When, however, the allegation of the claim or defense, to which the proof is directed, is unproved, not in some particular

or particulars only, but in its general scope and meaning, it is not to be deemed a case of variance within the last two sections, but a failure of proof."

The defendant does not argue that it was actually misled to its prejudice in maintaining its defenses on the merits. Indeed, it appears from the record that the defendant produced this bill of lading, on the cross-examination of Simpson, who testified by deposition taken before the trial, and was asked this question:

"I will show you a paper which purports to be a copy of the original bill-lading and ask you if you ever saw it before, and if it is a copy of the original bill-lading."

It is therefore manifest that this bill of lading was in the possession of the defendant, and that it was better informed as to the exact details of the contract sued on than was the plaintiff, and therefore was not misled to its prejudice. This presents a proper situation in which to apply the reasonable and just rule prescribed by our statute (Wilson's Rev. & Ann. St. 1903, sec. 4344; Comp. Laws 1909, sec. 5680), which reads as follows:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The next error urged is in refusing to give an instruction limiting the plaintiff's recovery to goods damaged and excluding it from recovery for goods lost; but as the suit was for loss and injury on account of damage, and as the court's instructions only authorized the jury to return a verdict for damages sustained, and as the evidence tends to show that the full amount of the verdict was sustained in damage to the goods, exclusive of those lost, we cannot say that there was error in refusing this instruction.

It is next urged that the court erred in overruling the defendant's motion for new trial, on the ground that there was not sufficient evidence in the case to support the verdict, and it

is argued that there was no evidence sufficiently certain to justify more than nominal damages; the evidence as to the amount of damage being indefinite. Simpson testified that, when the goods were delivered to the railroad company, they were in good condition; that when they were delivered to him at Ardmore, practically everything in the car was demolished, broken, and destroyed, and some of the articles missing; that he and the agent of the company at Ardmore examined the furniture and made an estimate of the damage, which amounted to over $800, "but he agreed to cut this down to $579 and some cents, in order to get a settlement without a lawsuit." No question is raised about the admissibility of the evidence, and as the evidence was offered and no error is assigned on account of its admission, we think it was sufficient to submit to the jury, and that the trial court did not abuse its discretion in overruling the motion for new trial.

Finding no reversible error, we think the case should be affirmed.

By the Court: It is so ordered.