## SCOTT *et al.* v. JORDAN.

No. 5216.     Opinion Filed February 1, 1916.

Rehearing Denied February 29, 1916.

(155 Pac. 498.)

1.   · **ABSTRACTS OF TITLE—Bond of Abstracter—Liability.**   Under section 1 of Wilson's Rev. & Ann. Stat. 1903, an abstracter is liable upon his bond for any error, incompleteness, or imperfection in an abstract compiled, certified, and delivered by him, not only to the person ordering the same, but to any one relying upon the same to his injury.

2.   **SAME—Operation of Statute.**   Said section widens the sphere of an abstracter from that of the common law, and under it an abstracter vouches for the correctness of an abstract compiled and certified by him.

3.   **APPEAL AND ERROR—Harmless Error—Variance.**   The judgment of a trial court should not be disturbed on appeal on account of a variance between the allegations of the petition and the proof, where such variance has not actually misled the defendant to his prejudice, in making his defense upon the merits.

(Syllabus by Dudley, C.)

*Error from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Action by Frank T. Jordan against F. E. Scott and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*G. N. Longfellow* and *Harris, Nowlin & Singleton,* for plaintiffs in error.

*Geo. P. Glaze,* for defendant in error.

Opinion by DUDLEY, C. . This is an appeal from the superior court of Oklahoma county. On June 29, 1912, the defendant in error, plaintiff below, commenced this action in said court against the plaintiffs in error, defendants below, to recover damages for the alleged breach of an abstractor's bond, in compiling, furnishing, and certifying an incomplete, inaccurate, and imperfect abstract of title to certain real estate located in Oklahoma county. We shall refer to the parties as they were in the trial court. There was judgment for the plaintiff for $1,566, from which the defendants have appealed. The facts necessary to be considered in determining the questions presented, in substance, are:

Prior to September 18, 1903, the defendants, F. E. Scott, R. M. Scott, H. O. Sitler, Britton E. Jennings, and one Carl D. Heinrich (now deceased) formed a partnership, under the style and firm name of the Oklahoma Abstract Company, for the purpose of doing a general abstract business in Oklahoma county. Following this, and on said last-named date, they, as principals, with the said F. E. Scott, R. M. Scott, and Carl D. Heinrich, as sureties, executed an abstracter's bond in the sum of $5,000, conditioned as required by law. This bond was duly approved and became effective on September 21, 1903, and there-

upon they commenced said abstract business, under said firm name.

In March, 1910, the plaintiff purchased from one U. S. Stone said real estate, with the understanding that Stone was to furnish him an abstract of title thereto; thereupon they went to the office of said abstract company, in Oklahoma City, where Stone ordered an abstract of title to said real estate. Following this, and on March 21, 1910, said abstract company compiled an abstract of title to said real estate, certified to and delivered the same to Stone, who thereupon delivered the same to the plaintiff. Said abstract so certified showed title to said real estate in Stone, and the plaintiff relied upon said abstract so certified, and purchased said premises from Stone, receiving a warranty deed for the same, which was filed for record March 31, 1910. Stone paid for said abstract. The abstracter's certificate is in blank. After the abstract was ordered, and before its delivery, the plaintiff went to the office of said abstract company once or twice, inquiring for said abstract.

Said abstract was incomplete, inaccurate, and imperfect, in that it failed to show the pendency of a suit in the district court of said county, by the Bank of Spencer against Stone and others, seeking to have his deed to said real estate declared an equitable mortgage, and foreclosed as such, in satisfaction of its indebtedness against Stone. In December following, this suit was tried, resulting in a judgment in favor of the bank for the relief sought. Following this, said real estate was sold in satisfaction of said judgment, resulting in loss to the plaintiff. Whereupon the plaintiff commenced this action for damages, resulting as above stated.

It is first contended by the abstract company that it compiled, certified, and delivered said abstract to Stone,

upon his request and at his cost, without any knowledge that the plaintiff would rely upon the same, and therefore there is no contractual relation between it and the plaintiff, and hence no liability to him on its bond, under section 1, Wilson's Rev. Statutes 1903, on account of any error, incompleteness, or imperfection in said abstract, even though he relied upon the same to his injury. There is no merit in this contention, under a recent decision of this court in the case of *Sackett et al. v. Rose, ante,* p. 398, 154 Pac. 1177, wherein it was said, in the syllabus:

"Under section 1, Wilson's Rev. Statutes 1903, an abstracter of title is liable on his bond to pay all damages that may accrue to any person by reason of any incompleteness, imperfection, or error in any abstract furnished by him and relied on by such person to his injury, and such liability is not confined to the person for whom he makes or furnishes an abstract."

Under the rules announced in this case, an abstracter is liable upon his bond for any error, incompleteness, or imperfection in an abstract compiled, certified, and delivered by him, not only to the person ordering the same, but to any one relying upon the same to his injury. Under the facts of the case at bar, the abstract company is liable to the plaintiff, under the rule announced in this case. See, also, *Gate City Abstract Co. v. Post,* 55 Neb. 742, 76 N. W. 471; *Goldberg et al. v. Sisseton Loan & Title Co.,* 24 S. D. 49, 123 N. W. 266, 140 Am. St. Rep. 755; *Brown v. Sims,* 22 Ind. App. 317, 53 N. E. 779, 72 Am. St. Rep. 308; *Dickle v. Nashville Abstract Co.,* 89 Tenn. 431, 14 S. W. 896, 24 Am. St. Rep. 616.

The construction given the foregoing section of our statute is a wholesome one, and is in accord with the legislative intent, as expressed therein. The owner is the per-

son who usually orders an abstract of title to real estate. In doing so, his purpose, ordinarily, is the sale or incumbrance of his property, and he presents the same to the prospective purchaser or mortgagee for the purpose of showing the true condition of his title. Usually the purchaser or mortgagee relies upon the correctness of the abstract, and if he does so, to his injury, the abstract company is liable to him, upon its bond, on account thereof, under said section. This statute widens the sphere of an abstracter from that of the common law, and his liability is likewise widened.

It is next contended that the trial court committed prejudicial error in giving instruction No. 4. We have examined this instruction and in our opinion, under the facts and circumstances as disclosed by the record, the trial court did not commit prejudicial error in giving the same. The objection urged to this instruction is that the court, in effect, advised the jury that the abstract company was an indemnifier and guarantor of the correctness of the abstract. The instruction does not bear this construction.

The business of abstracting titles to real estate requires special knowledge and skill, and one who engages in such business impliedly represents that he possesses such knowledge and skill. Under the foregoing section of our statute, an abstracter vouches for the correctness of an abstract compiled and certified by him, and he must therefore use the highest degree of skill and diligence in compiling the same. The abstract in controversy was incomplete, imperfect, and incorrect. As to this there is no dispute. The abstract company knew of the institution and pendency of said action, but notwithstanding this fact it made no mention of it in the abstract. This was gross negligence upon its part. The plaintiff knew nothing about

the suit, and bought the property, relying upon the correctness of the abstract.

It is next insisted that the judgment of the trial court should be reversed for the reason that the plaintiff wholly failed to prove the allegations of his petition, in that he alleged an express contract with the abstract company to compile an abstract for him, while the proof clearly shows that the abstract was ordered by Stone. The petition does allege a contract between the plaintiff and the abstract company to furnish the abstract. There is some evidence in the record in effect supporting this allegation, and we cannot say that there is a total failure of proof. The best that can be said is that there is a variance between the allegations of the petition and the proof. This variance, however, is not material, because the defendants were not misled to their prejudice in making their defense, and the judgment should not be reversed on account thereof. Sections 4785 and 4786, Rev. Laws 1910; *Patterson et al. v. M., K. & T. Ry. Co.*, 24 Okla. 747, 104 Pac. 31; *Chicago, R. I. & P. Ry. Co. v. Bankers' Natl. Bank,* 32 Okla. 290, 122 Pac. 499; *Zeno v. Bazzell et al.,* 41 Okla. 574, 139 Pac. 281. In the case first cited above, the rule is announced as follows:

"No variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits."

This objection is extremely technical, and to reverse this judgment on account thereof would be an injustice, for the record discloses that the defendants had a fair and impartial trial, and no rights of theirs were in the least jeopardized.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.