## KRUMM v. EL RENO STATE BANK.

No. 10292—Opinion Filed Oct. 11, 1921.

(Syllabus.)

1. **Bills and Notes — Signatures—Presumption—Indorsers.**

Under the applicable provisions of the Negotiable Instruments Law (sections 4067, 4113, 4114, Rev. Laws 1910), a person placing his signature upon an instrument otherwise than as maker, drawer, or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity, and whether he signs the instrument before or after its delivery does not affect his legal status as such.

2. **Same—Action on Note—Defenses — Evidence—Harmless Error.**

Record examined, and held: (1) That the other errors complained of are either without merit or harmless under section 6005, Rev. Laws 1910; (2) that there was no evidence adduced at the trial tending to support the affirmative defense set up by the defendant that he indorsed the note sued upon for the accommodation of the payee, who was plaintiff below.

Error from District Court. Canadian County: John W. Hayson, Judge.

Action on note by the El Reno State Bank against C. H. Krumm and another. Judgment for plaintiff, and defendant named brings error. Affirmed.

W. M. Wallace, for plaintiff in error.

Fogg & Bennett, for defendant in error.

KANE, J. This was an action upon a promissory note, commenced by the defendant in error, plaintiff below, against J. I. Dennison, as principal, and the plaintiff in error C. H. Krumm, as surety.

The petition was in the usual form, and admittedly stated a cause of action. The answer was: (1) A general denial; (2) that said note was executed and delivered by the maker thereof to the plaintiff long before the defendant, Krumm, indorsed his name thereon, and that said indorsement was made at the special instance and request of the plaintiff and for the benefit of the plaintiff, and was made without consideration for the accommodation of the plaintiff herein; (3) that the defendant was and is an irregular accommodation indorser of said note, for the benefit of said plaintiff, and without a valuable consideration, or any consideration to this defendant; and without any promise or agreement made prior to the execution and delivery of said note.

The reply was a general denial of new matter, and allegations to the effect that

the note sued upon was executed and delivered by the defendants as maker and indorser, respectively, for the purpose of renewing another note which had fallen due theretofore given by said defendants, on which said C. H. Krumm was an indorser.

At the close of the evidence the defendant filed a demurrer thereto, which was overruled, whereupon both plaintiff and defendant moved the court for a directed verdict, whereupon the court sustained the motion of the plaintiff and directed the jury to return a verdict in favor of the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The first assignment of error presented for review, the court erred in overruling the demurrer to the evidence filed by the defendant, is based upon the assumption that inasmuch as the evidence adduced by the plaintiff did not show that the signature of the defendant upon the back of the note, which was admitted, was placed thereon before the delivery of the note, there was a failure of proof under section 4114, Rev. Laws 1910, which provides:

"Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery he is liable as indorser in accordance with the following rules:

"First. If the instrument is payable to the order of a third person, he is liable to the payee and to all subsequent parties.

"Second. If the instrument is payable to the order of the maker or drawer or is payable to bearer, he is liable to all parties subsequent to the maker or drawer.

"Third. If he signs for the accommodation of the payee, he is liable to all parties subsequent to the payee."

The contention seems to be that, conceding the legal status of the plaintiff in error to be that of an indorser, it not being shown that the indorsement was made before delivery of the note, the plaintiff in error is not liable to the defendant in error, who was the payee of the note sued upon. In our opinion whether the plaintiff in error indorsed the note before or after its delivery is not very material to a decision of the case.

Counsel for plaintiff in error seems to assume that under section 4114 an indorser is not liable to anyone except parties subsequent to the payee, unless it is affirmatively shown that he signed the instrument before delivery. This is not the law. Other applicable provisions of the Negotiable Instruments Law, sections 4067, 4113, Rev. Laws 1910) provide, respectively, in substance as follows: Where the signature is so placed upon an instrument that it is not clear in what capacity the person making the same intended to sign, he is to be deemed an indorser. A person placing his signature upon an instrument otherwise than as the maker, drawer, or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity.

So it is now settled beyond controversy by the express provisions of the Negotiable Instruments Law that the plaintiff in error, who admits that he placed his signature in blank on the back of the instrument sued upon, is liable on the note as an indorser, and that whether he signed the instrument before or after its delivery does not affect his legal status as such. The only remaining question is, Is he, in the state of the record, liable to the payee? This question must be answered in the affirmative. It is true that the plaintiff in error in his answer alleged, as an affirmative defense, that he signed the note for the accommodation of the plaintiff, who is the payee, but, assuming that this, if proven, would constitute a defense to the note as against the indorser, there was no evidence whatever introduced to establish the same. Indeed, on the contrary, all of the evidence tended to show that the note was indorsed for the accommodation of the maker, or for the accommodation of the indorser himself, for the purpose of procuring the renewal of another note which had fallen due, upon which the defendants were maker and indorser, respectively.

While there are other assignments of error, we are convinced from an examination of the record that they are either without merit or are harmless under section 6005, Rev. Laws 1910.

In the view we take of the law, the uncontradicted evidence before us clearly discloses that the defendant in error was entitled to recover.

For the reasons stated, the judgment of the trial court is affirmed.

HARRISON, C. J., PITCHFORD, V. C. J., and JOHNSON, McNEILL, ELTING, and NICHOLSON, JJ., concur.