## CHAUTAUQUA STATE BANK v. LEWIS et al.

No. 13004—Opinion Filed May 20, 1924.

**1. Pleading—Variance—Materiality.**

No variance between the allegations in a pleading and the proof is to be deemed material unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits.

**2. Same — Erroneous Ruling — Directing Verdict.**

Record in the instant case examined, and held, that the trial court erred in sustaining a motion for a directed verdict interposed by the defendants at the close of all the testimony, upon the ground that there was a fatal variance between the allegations of plaintiff's petition and the proof offered in support thereof.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Osage County: Charles B. Wilson, Jr., Judge.

Action in replevin by the Chautauqua State Bank of Chautauqua, Kan., against Seth Lewis and the First National Bank of Sedan, Kan. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Leahy, Macdonald, Burnette & Files, for plaintiff in error.

Brooks & Robbins and Frank T. McCoy, for defendants in error.

Opinion by FOSTER, C. This appeal involves a controversy between the Chautauqua State Bank of Chautauqua, Kan., and the First National Bank of Sedan, Kan., over the ownership and right of possession to 604 bushels of wheat. The plaintiff in error claimed a special ownership of the wheat under a chattel mortgage executed to it by S. P. Krepps and Polly Krepps, his wife, upon the 9th day of August, 1919, and the defendant in error claimed title under and by virtue of an attachment levied by it upon said wheat as the property of S. P. Krepps on the 19th day of August, 1919. Plaintiff in error brought an action in replevin in the district court of Osage county, Okla., against the First National Bank of Sedan, Kan., and Seth Lewis, and the wheat in controversy was taken under an order of delivery in replevin and delivered to the plaintiff in error.

The parties will be referred to as they appeared in the trial court.

The plaintiff alleged in its petition that the wheat was the property of Polly Krepps and that to secure a note of $1,369.28, payable on the 20th day of August, 1919, a mortgage was executed by Polly Krepps upon the wheat in controversy on the 9th day of August, 1919. Both the mortgage and note were attached as exhibits "A" and "B," respectively, to the plaintiff's petition, and although the petition alleged that the mortgage was executed to secure the payment of a note shown by the attached exhibit to be for the sum of $1,369.28, the mortgage itself attached to the petition as an exhibit described the indebtedness which it purported to secure to be in the sum of $1,329.68.

The answer of the defendants was a general denial of each and every allegation contained in the petition. Upon the issues thus joined the cause proceeded to trial and the plaintiff introduced in evidence the originals of the copies of the note and mortgage pleaded by it in its petition, and also introduced considerable evidence tending to establish ownership of the wheat in Polly Krepps.

At the conclusion of plaintiff's testimony the defendant demurred to its evidence upon the ground that there was a fatal variance between the allegations of plaintiff's petition and the proof offered in support thereof, and that its evidence was wholly insufficient to make out a prima facie case in favor of the plaintiff. This demurrer was overruled, excepted to by the defendants, who thereupon offered their evidence, and both sides rested their case.

The defendants then moved for a directed verdict in the sum of $1,208 upon the ground that the evidence offered by the plaintiff was not in conformity with the allegations of its petition. The court, however, permitted the plaintiff to amend its petition in certain respects not necessary here to be noticed, to which action of the court in permitting the amendment the defendants excepted.

The defendants then renewed their motion for a directed verdict, which was sustained by the court and the jury returned a verdict for the value of the wheat against the plaintiff, in the sum of $1,208, in accordance with the directions of the court, to which the plaintiff excepted. Motion for a new trial was filed and overruled and the plaintiff appealed.

The sole question presented by the several assignments of error is whether or not the trial court erred in directing a verdict for the defendants upon the ground that there was a fatal variance between the allegations of plaintiff's petition and the proof offered in support thereof.

There was some conflict in the evidence upon the question of the ownership of the wheat by Polly Krepps at the time of the execution of the note and mortgage in controversy, and it is clear that the plaintiff was entitled to go to the jury upon this proposition, unless it had entirely failed to support the allegation of its petition by proof that the payment of the note attached to its petition was secured by a valid chattel mortgage.

It is argued by the defendants that the mortgage introduced in evidence by the plaintiff failed to show this, but that it showed that said mortgage stood as security for another and different note, and that there was therefore a fatal variance between the allegation and proof.

The trial court having permitted the amendment of the petition in certain respects at the close of all the testimony on the application of plaintiff, and no appeal being taken by the defendants to the action of the trial court in permitting the amendment, it necessarily results that the action of the trial court in sustaining the motion for a directed verdict was based wholly upon the ground that because the petition alleged that the mortgage set out therein as exhibit "B" was to secure the payment of the note set out in the petition as exhibit "A," and because the mortgage itself described the indebtedness secured as being in the sum of $1,329.68, instead of $1,369.28, as shown by exhibit "A," that there was a fatal variance between the allegations and the proof.

Section 312, Comp. Stat. 1921, provides:

"No variance between the allegations, in a pleading, and the proof, is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just."

Section 319, Comp. Stat. 1921, also provides:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

It does not appear from the record how or in what way the defendants were actually misled to their prejudice by the introduction in evidence of exhibit "B." Indeed, it appears that the exhibits were introduced in evidence just as they were pleaded, and hence it would seem that if the defendants are prejudiced in any manner, it would occur not on account of a variance between the allegations and the proof, but on account of a failure of all proof.

But the defendants had notice of the character of the proof relied upon by the plaintiff the moment the petition was filed, and without raising any question of the slight discrepancy between the two exhibits, joined issue with the plaintiff by filing a general denial and proceeding to trial.

It is well settled in construing a petition, where there is a conflict between the allegations thereof and the exhibits attached, that the exhibits control. Mason et al. v. Slonecker, 92 Okla. 227, 219 Pac. 357. Therefore the defendants by the filing of the petition were advised that plaintiff was relying upon exhibit "B," as the identical instrument which secured the payment of exhibit "A," and not some instrument which described exhibit "A" literally. In other words, the defendants were advised by the filing of the petition of the discrepancy between exhibit "A" and exhibit "B" in respect of the amount of the note secured by exhibit "B," and hence it cannot be said that the defendants were taken by surprise when the exact original of exhibit "B" was introduced in evidence.

Obviously then the discrepancy arose on account of a slight error and oversight on the part of the draftsman of the mortgage in the transportation of certain figures that went to make up the total amount of the note, and not because it was intended to draw a mortgage securing an entirely different indebtedness.

These circumstances, we think, bring the case clearly within the rule announced by this court in the case of Zeno v. Bazzell et al., 41 Okla. 574, 139 Pac. 281, and the case of Chicago, R. I. & P. Ry. Co. v. Bankers' Nat. Bank, 32 Okla. 290, 122 Pac. 499, where the court construed the statutes hereinbefore quoted, and held:

"No variance between the allegations in a pleading and the proof is to be deemed material unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits."

In 13 Enc. of Evidence, at page 646, it is said:

"In the various states in which the code

system, as contradistinguished from the common-law system, prevails; the rule as to variance is that it must be such as to mislead the adverse party to his prejudice in maintaining the action or defense on the merits."

For the reasons stated, the judgment of the trial court should be set aside and the cause reversed and remanded for a new trial.

By the Court: It is so ordered.