## SECURITY NAT. BANK v. MARTIN et al.

No. 15614—Opinion Filed Sept. 8, 1925.

Rehearing Denied Dec. 8, 1925.

(Syllabus.)

1. **Appeal and Error — Harmless Error — Incompetent Evidence.**

Where error is predicated upon the introduction of incompetent evidence it must appear that the trial court relied upon such incompetent evidence before the case will be reversed; and, where the conclusions of fact and of law show that such evidence was not considered, its admission will be held not prejudicial.

2. **Appeal and Error — Conclusiveness of General Finding—Dissolution of Attachment.**

Where a motion to dissolve an attachment is heard by the district court, and a general finding of facts made upon oral testimony, as well as affidavit, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive in the Supreme Court upon all doubtful and disputed questions of fact, and the Supreme Court will not weigh the conflicting testimony to determine whether the finding and action of the court below was justified by the weight of the evidence.

Error from District Court, Woodward County; James B. Cullison, Judge.

Action by Security National Bank of Oklahoma City, Okla., against Charles H. Martin, G. M. Williams, and Paul M. Lobaugh. Judgment for defendants, and plaintiff brings error. Affirmed.

Embry, Johnson & Tolbert, for plaintiff in error.

Robertson & Lillard, for defendants in error.

PHELPS, J. On May 1, 1924, the Security National Bank filed suit against G. M. Williams, Paul M. Lobaugh, and Charles H. Martin in the district court of Woodward county, Okla., upon a promissory note for the sum of $5,000, interest and attorneys' fees. At the same time a writ of attachment was issued and levied upon certain real estate claimed to be the property of defendant Charles H. Martin, upon the grounds that said Charles H. Martin—

"Is about to remove his property, or a part thereof, out of the jurisdiction of this court with attempt to defraud his creditors. That said defendant Charles H. Martin is about to convert his property, or a part thereof, into money for the purpose of placing the same out of reach of his creditors. That said defendant has property or rights in action which he conceals. That said defendant Charles H. Martin has assigned removed and disposed of, or is about to dispose of his property or a part thereof, with intent to defraud his creditors."

On July 1, 1924, Martin filed his motion to discharge the attachment for the reasons "that the grounds set forth in said attachment affidavit and each of them are untrue," attaching to said motion his affidavit denying specifically the truthfulness of each of the grounds set out for the attachment. Upon due notice the motion to discharge the attachment was taken up before the court and evidence covering some 250 pages taken, at the conclusion of which the court made oral "findings of fact and conclusions of law," which are preserved in the record, finding that no grounds existed for the attachment and dissolving it, from which ruling and order plaintiff prosecutes this appeal.

One of the grounds urged for reversal is that the court erred in its ruling upon the introduction of evidence. The record discloses that during the progress of the trial the court allowed counsel a very wide latitude in the introduction of evidence, and measured by the strict rules governing the admissibility of evidence, doubtless went farther than such rules, strictly construed, would permit, with the observation that "this whole matter is before the court," but nowhere in the record does it affirmatively appear that the rights of the plaintiff were thereby prejudiced.

In the case of Insurance Company v. Cochran. 59 Okla. 200, 159 Pac. 247, this court said:

"Where error is predicated upon the introduction of incompetent evidence, it must appear that the trial judge relied upon such incompetent evidence before the case will be reversed; and where the conclusions of fact and of law show that such evidence was not considered, its admission will be held not prejudicial."

This court followed that rule in Mid-West

Insurance Co. v. Shrader, 99 Okla. 17, 225 Pac. 541, when it said:

"In a case tried to the court, where complaint is made of rulings admitting and excluding evidence, the burden rests upon the party complaining to show prejudicial error in such rulings, and, where the court made oral findings of fact which are preserved in the case-made and such findings authorize and support the judgment rendered and are sustained by competent evidence shown in the record, it will be presumed that the trial court disregarded all incompetent evidence erroneously admitted, if there be any, in reaching its conclusion."

From an examination of the whole record we cannot conclude that the rights of plaintiff were prejudiced by the rulings of the court complained of.

It is further contended by plaintiff that the court erred in sustaining the motion to discharge the attachment, but an examination of the record leads us to the conclusion that in this respect plaintiff has no legal ground for complaint. The testimony is quite voluminous and in some respects conflicting, and it might be said with some degree of justice that it leads one to a strong suspicion that defendant had been guilty of some of the acts alleged as grounds for the attachment, but upon the whole, in our judgment, the court's finding is justified by the evidence.

Plaintiff insists with some degree of justification that the evidence warrants the attachment upon the third ground set out in the affidavit for attachment, viz.:

"That said defendant has property or rights in action which he conceals."

It developed in the testimony that sometime prior to the filing of this action the defendant had opened an account with the Security State Bank of Moreland in the name of R. C. Jones, and that he had made deposits in and drawn checks against that account after the filing of this action. He claimed, however, that this money belonged to his mother and that he merely placed it there that it might be secure for her, and in the court's findings and conclusions it finds that the money thus deposited did not belong to the defendant, neither was it placed there for the purpose of defrauding or for concealment, and we cannot say, in good conscience, after reading the record in this case, that the court's conclusions are not justified by the evidence, and under the law we are bound by the trial court's conclusions if reasonably supported by the evidence.

In Tootle v. Brown, 4 Okla. 612, 46 Pac. 550, the Supreme Court of Oklahoma Territory laid down this rule:

"Where a motion to dissolve an attachment is heard by the district court, and a general finding of facts made upon oral testimony, as well as affidavit and depositions, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive in the Supreme Court upon all doubtful and disputed questions of fact, and the Supreme Court will not weigh the conflicting testimony to determine whether the finding and action of the court below was justified by the weight of the evidence."

To the same effect are McKennon v. Pentecost, 8 Okla. 117, 56 Pac. 958; Penny v. Fellner, 6 Okla. 386, 50 Pac. 123; Hockaday v. Jones, 8 Okla. 156, 56 Pac. 1051.

And in Citizens Bank of Enid v. Gilroy, 5 Okla. 754, 50 Pac. 122, it was there held:

"Where it is sought to sustain an attachment on the ground that the debtor had made, or was making, a transfer of his property with intent to cheat, hinder, delay, or defraud his creditors, and an issue is made by a traverse of the attachment affidavit, and proof by affidavit and oral testimony is offered, and the trial court dissolves the attachment, this court will not reverse the determination of the trial court if there is evidence to support the decision rendered."

Finding no reversible error in the record, the judgment of the district court is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, HARRISON, LESTER, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 1000, § 2982. (2) 4 C. J. pp. 779, § 2728, 845, 846, § 2831.