McMULLEN et al. v. HOLCOMBE et al.

No. 16541. Opinion Filed June 1, 1926.

Rehearing Denied June 21, 1927.

1. **Appeal and Error—Variance—Necessity for Prejudice.**

No variance between the allegations in the pleadings and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits.

2. **Trial—Instructions—Failure to Cover Issue Prejudicial.**

Where the jury receives no special instructions on the law applicable to the particular issue involved in the case, the same constitutes prejudicial error.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by M. L. Holcombe and Clarence Lohman, against Midland Supply Company, R. V. McMullen, and William W. Gruber, on four promissory notes. Judgment for plaintiffs against R. V. McMullen, William W. Gruber, and McMullen and Gruber appeal. Reversed and remanded.

Sullivan & Sullivan and Robert J. Boone, for plaintiffs in error.

Ledbetter, Stuart, Bell & Ledbetter, for defendants in error.

Opinion by FOSTER, C. An action was brought in the district court of Osage county by the defendants in error, M. L. Holcombe and Clarence Lohman, as plaintiffs, against the Midland Supply Company, a corporation, R. V. McMullen, and Wm. W. Gruber, plaintiffs in error, as defendants, to recover upon four promissory notes aggregating approximately $6,500. Parties will hereinafter be designated as they appeared in the trial court.

While the action was pending, and prior

to the trial, the defendant Midland Supply Company was adjudged a bankrupt by the United States Court, and the action abated as to it. A motion by the defendants Gruber and McMullen to likewise abate the action as to them being overruled, the action proceeded on behalf of the plaintiffs against the defendants Gruber and McMullen.

It appears that the defendants Gruber and McMullen were the president and secretary, respectively, of the Midland Supply Company, and that the firm of Sands, Holcombe & Lohman had been representing the Midland Supply Company as attorneys for a number of years prior to May 22, 1923, and that on that date the company owed the attorneys a sum of money for legal services evidenced by a series of promissory notes, which the company had executed and delivered to them in payment of said fees.

The plaintiffs allege in their petition that on this date the Midland Supply Company, as maker, and Wm. W. Gruber and R. V. McMullen, as indorsers thereon, executed and delivered to Sands, Holcombe & Lohman the four promissory notes set out therein, and that before maturity and for a valuable consideration the payees therein, Sands Holcombe & Lohman, had transferred and indorsed said notes to the plaintiffs, Holcombe and Lohman, and that they were the owners and holders thereof in due course.

The defendants filed a verified answer to the petition of plaintiffs, and each cause of action thereof, in which they admitted the execution of the notes under circumstances which it was claimed only made them accommodation indorsers for the payees, and in which, among other things, they specifically denied that said notes had been transferred to the plaintiffs before maturity and for valuable consideration, as alleged in plaintiffs' petition.

In the trial of the case the plaintiffs introduced the four promissory notes in evidence and rested. The defendants thereupon demurred to the evidence of plaintiffs, which was overruled and exceptions saved. The trial court also rules, over the objection of defendants, that the burden of proof then rested upon the defendants to establish the affirmative defenses set out in their answer.

Considerable evidence was then introduced on both sides directed largely to the controverted question as to whether or not the defendants Gruber and McMullen indorsed said notes under such circumstances as would make them accommodation indorsers for the Midland Supply Company, or whether they indorsed the notes merely as indorsers without consideration for the accommodation of the payees.

The trial resulted in a verdict and judgment for the plaintiffs. Motion for a new trial was filed by the defendants, heard and overruled, and from this judgment and from the order overruling their motion for a new trial the defendants appeal. It is contended by the defendants that their demurrer to plaintiffs' evidence, interposed at the close of plaintiffs' testimony, should have been sustained.

The argument is that plaintiffs having alleged in the third paragraph of their petition that the notes sued on had by the payees therein, Sands, Holcombe & Lohman, been transferred to the plaintiffs before maturity and for valuable consideration, and there being a verified denial of this allegation by the defendants in their answer, the burden of proof was on the plaintiffs to prove this allegation, which burden could not be discharged merely by the introduction of the notes in evidence and without further proof of the genuineness of the indorsement.

It is true in the condition of the pleadings, as they stood at the time defendants' demurrer to plaintiffs' evidence was overruled, that no proper evidence of the genuineness of the indorsement of the note from Sands, Holcombe & Lohman had been introduced, but it appears that during the trial both plaintiffs testified to a state of facts somewhat at variance with the allegations contained in their petition, which was not objected to by the defendants at the time, and in this condition of the record, we think, under familiar rules of procedure obtaining in this jurisdiction, that the petition of the plaintiffs in this particular will be deemed to have been amended so as to conform to the evidence so introduced without objection.

In answer to a question propounded by counsel the plaintiff, Clarence Lohman, stated as follows:

"I might state at this time that the old firm of Sands, Holcombe & Lohman was dissolved, and in the arrangement and division of the matters between us, Mr. Holcombe and I took these and I am not—that is the reason I said a while ago that I would not be sure that I put those in the note file, because the note file had been of Sands, Holcombe & Lohman. Q. And in the division between Sands and you and Holcombe it was arranged that you and Holcombe in dividing up the firm business would take this paper? A. Yes, sir."

Mr. Holcombe testified in answer to a question propounded as follows:

"When was the firm of Sands, Holcombe & Lohman dissolved? A. March 1st."

This is also substantially the testimony of defendants. It thus appears that in the trial all parties, notwithstanding the allegations of plaintiffs' petition, regarded the plaintiffs as the original payees in the notes and not as owner and holder by indorsement in due course from the original payees.

All parties seemed to have agreed in the trial of the case, that Sands had no interest in this paper by reason of the prior dissolution of the firm of Sands, Holcombe & Lohman in March, whereby it was agreed that Holcombe and Lohman should take the paper from the Midland Supply Company as the sole payees therein. By reason of the defendants' failure to object to this line of testimony we think they waived and abandoned the objections previously made by their demurrer to plaintiffs' evidence, and that the petition of the plaintiffs should be considered as amended so as to declare ownership by the plaintiffs in the notes as original payees, rather than by indorsement in due course from such original payees.

In this situation the authorities cited and relied on by the defendants have no application. Obviously, then, it was the theory of all parties at the trial that plaintiffs' rights were not to be measured by the rules obtaining where a transferee in good faith of underdue commercial paper sues an indorser of the original note, but should be measured by the rules obtaining where the original payee in the note sues such indorser. As between the original payee and an original indorser upon the note, a defense that the indorsement was placed on the note by the indorser for the accommodation of the payee, and not for the accommodation of the original maker, would be a good defense, although the indorsement was placed on the note before its delivery. Krumm v. El Reno State Bank, 83 Okla. 177, 201 Pac. 364. Section 7734, C. O. S. 1921, provides:

"Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as indorser in accordance with the following rules: * * * 3. If he signs for the accommodation of the payee, he is liable to all parties subsequent to the payee."

Such indorser, however, would not be liable to the payee if he signed the note before or after delivery without consideration and as an accommodation merely to such payee. The fundamental dispute between the parties in the case at bar was whether Gruber and McMullen indorsed the notes of Midland Supply Company, the maker, for the accommodation of the Midland Supply Company, to enable it to obtain an extension of other notes payable to plaintiffs, then outstanding and overdue, or whether they placed their indorsement on the notes for the accommodation of the payees and to enable the payees to borrow money on the notes at a bank.

The evidence introduced upon this issue was in hopeless conflict. Plaintiffs testified, in substance, that the Midland Supply Company, of which the defendants were president and secretary, had, in March or April, 1923, executed and delivered to them a series of notes covering attorneys' fees earned by them during several years' representation of the company, and that in order to take up these old notes and obtain an extension of time in which to pay the notes, Gruber and McMullen agreed to indorse the new notes then executed by the Midland Supply Company, and that in carrying out this agreement the Midland Supply Company paid two small notes of the original series about June 1, 1923, and executed and delivered to them the four notes with Gruber and McMullen as indorsers for the Midland Supply Company.

The defendants testified that it had never been their practice to indorse paper of the Midland Supply Company, and that after the notes in controversy were executed and delivered to plaintiffs by Midland Supply Company, they placed their indorsement thereon about June 7, 1923, without any consideration therefor and for the accommodation of the payees, Lohman and Holcombe, in borrowing money, which they represented they wished to obtain from a bank in Pawhuska.

The trial court in submitting this issue to the jury, over the objection of defendants, used the following language in instructions Nos. 4, 5, and 6:

"The sole question for your determination in this case is as to whether or not the indorsement of Wm. W. Gruber and R. V. McMullen was upon the notes sued upon at the time said notes were delivered to and accepted by the plaintiffs herein in discharge of some former obligation of the Midland Supply Company.

"If you find from a fair preponderance of the evidence that the indorsements of R. V. McMullen and Wm. W. Gruber were not upon the notes sued upon at the time they were delivered to and accepted by the plaintiffs Holcombe and Lohman, then and in that event your verdict should be for the defendants McMullen and Gruber.

"Unless you should so find, your verdict should be for the plaintiffs in the amount of said notes, together with interest from May

25, 1923, at the rate of eight per cent. per annum, and an attorneys' fee in the sum of ten per cent. of the amount of the principal of said notes."

We do not think these instructions fairly submitted to the jury the issues presented by the pleadings and the evidence in the case. By these instructions the jury was told, in effect, that the sole issue for determination was whether or not the indorsement of defendants was upon the notes at the time the notes were delivered to the plaintiffs.

If the rights of subsequent purchasers, purchasing from the payees, are not involved, the fact that the indorsement was placed on the note before delivery would make no material difference, although evidence that the indorsement was placed thereon prior to delivery might be a circumstance in connection with the other facts and circumstances in the case to go to the jury for the purpose of enabling them to determine whether the indorsement was for the accommodation of the maker or the payees. Krumm v. El Reno State Bank, supra.

It would appear then that the trial court lost sight of the fundamental issue in the case, and submitted the case to the jury upon a matter which was not controlling. In Jackson v. Peddycoart, 98 Okla. 198, 224 Pac. 689, it is said in the syllabus:

"Where the jury received no special instruction on the law applicable to the particular issues involved in the case, the same constitutes prejudicial error."

Other propositions are discussed by the defendants in their brief as grounds for reversal, but since the case must be reversed on account of the erroneous instructions above referred to, it is not necessary to notice them. The judgment of the trial court is therefore reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. p. 703; anno. L. R. A. 1916D, 843; 21 R. C. L. pp. 611 et seq ; 3 R. C. L. Supp. p. 1175; 4 R. C. L. Supp. p. 1423. (2) 38 Cyc. p. 1640.